IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**WILLIAM R. LEFEAR**  PLAINTIFF

V.  NO. 3:18-CV-175-DMB-RP

**LOVE'S TRAVEL STOPS & COUNTRY**
**STORES, et al.**  DEFENDANTS

## ORDER REMANDING CASE

On July 23, 2018, William LeFear filed a complaint in the Circuit Court of DeSoto County, Mississippi, against Loves Travel Stops and Country Stores ("Love's"),[1] Justin J. Banks, and John Does 1-10. Doc. #2. The complaint asserted state law claims of negligence arising from a motor vehicle accident between an automobile driven by LeFear and a tractor trailer owned by Love's and driven by Banks. *Id.* at 2–3. On August 20, 2018, Love's and Banks, asserting diversity and federal question jurisdiction, removed the case to the United States District Court for the Northern District of Mississippi.[2] Doc. #1.

On December 13, 2018, LeFear, with leave of the Court,[3] filed an "Amended Complaint."

---

[1] It appears the proper name for the entity named in the complaint is "Love's Travel Stops & Country Stores." *See* Doc. #1.

[2] Regarding diversity jurisdiction, the notice of removal asserts that LeFear "is an adult citizen of the state of Georgia," Love's "is a foreign corporation incorporated in and with its principal place of business in the state of Oklahoma," Banks "is an adult citizen of the state of Tennessee," and "there is in excess of $75,000.00 as the amount in controversy." Doc. #1 at 2. The notice of removal also asserts that "there is federal question jurisdiction pursuant to 28 U.S.C. § 1331" because "the Complaint further alleges violations of 49 CFR §§ 392.22 and 396 by the Defendants." Doc. #1 at 3. However, courts have regularly held that garden-variety state negligence claims premised on violations of the Federal Motor Carrier Safety Regulations (the regulations referenced by LeFear) do not implicate federal question jurisdiction. *See, e.g.*, *Burkett v. SE Indep. Delivery Servs., Inc.*, No. 2:17-cv-786, 2018 WL 1093320, at *3 (M.D. Ala. Feb. 28, 2018); *Melton v. Great W. Cas. Co.*, No. 416-275, 2017 WL 4397944, at *1, 5 (S.D. Ga. Sep. 29, 2017); *Harris v. U-Haul Int'l, Inc.*, No. CV 12-5040, 2012 WL 12919226, at *2 (W.D. Ark. Oct. 1, 2012). Nothing in LeFear's complaint suggests that a departure from this rule is warranted.

[3] Doc. #27.

Doc. #28. The amended complaint substitutes Teramus R. Boney and Hokiebird Trucking, PLLC[4] for John Does 1 and 2, and alleges that (1) LeFear "is an adult resident citizen of Atlanta, Georgia;" (2) Banks "is an adult resident of the state of Mississippi;" (3) Love's "is a company licensed to do and is doing business in the state of Mississippi;" (4) Boney "is an adult resident citizen of the state of Georgia;" (5) Hokiebird "is a Georgia corporation;" (6) "John Does 3-10 are fictious parties that may be liable to [LeFear];" and (7) "the injuries giving rise to the action exceed $75,000." *Id*. at 1–3. On December 20, 2018, Love's and Banks answered the amended complaint. Doc. #30.

On January 8, 2019, Love's and Banks filed a motion to remand, arguing that joinder of Boney and Hokiebird destroys diversity jurisdiction in this case. Doc. #33 at 1–2. LeFear did not respond to the motion to remand.

Diversity jurisdiction requires that there be (1) complete diversity between the parties; and (2) an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Complete diversity "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Vaillancourt v. PNC Bank, Nat'l Ass'n*, 771 F.3d 843, 847 (5th Cir. 2014). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Here, the joinder of Boney destroys subject matter jurisdiction, to the extent jurisdiction can be demonstrated,[5] because LeFear and Boney, who are persons on different sides of the

---

[4] The amended complaint refers to Hokiebird as "Hokiebird Trucking, PLLC," "Hokiebird Trucking, LCC," and "Hokiebird Trucking, LLC." Doc. #28 at 1, 2.

[5] The amended complaint suffers from at least one additional deficiency regarding citizenship of the parties. "For purposes of diversity jurisdiction, the citizenship of a LLC is determined by the citizenship of all of its members." *Burdett v. Remington Arms Co., L.L.C.*, 854 F.3d 733, 734 n.1 (5th Cir. 2017) (quotation marks omitted). Thus,

2

controversy, are both citizens of Georgia.  Accordingly, the motion to remand [33] is **GRANTED**.

This case is **REMANDED** to the Circuit Court of DeSoto County, Mississippi.

    **SO ORDERED**, this 26th day of April, 2019.

**/s/Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**

---

Hokiebird's citizenship cannot be determined without information about the citizenship of each of Hokiebird's members.